ANNIE BEINE, ADMINISTRATRIX, Respondent, v. SOPHIA $\boxed{\begin{array}{c}\text{24a 675}\\\text{33a 316}\end{array}}$ BEINE, Appellant.

St. Louis Court of Appeals, February 23, 1887.

1. PRACTICE—RECORD MUST SHOW ACTION OF TRIAL COURT.—A record which shows an objection to the introduction of testimony, but which fails to show how the court ruled thereon, brings up nothing for an appellate court to review.

2. TROVER—ADVERSE POSSESSION—CONVERSION.—In an action of trover, evidence showing that the defendant claimed a part of the property, but which fails to show any adverse possession, or any acts indicating a conversion of the property, will not support a judgment for the plaintiff for the value of the property.

APPEAL from the St. Louis County Circuit Court, W. W. EDWARDS, Judge.

*Reversed nisi.*

MUENCH & CLINE, for the appellant.

HENRY BOEMLER, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff sues for the taking and conversion by the defendant of a horse, a wagon, and thirty gallons of vinegar, belonging to the estate of her intestate, Joseph Beine, Jr. The defendant is the intestate's mother, and widow of Joseph Beine, Sr., deceased. A number of other articles were included in the petition, as filed, but the plaintiff, at the trial, abandoned her claim as to all except those above mentioned. The cause was tried before a jury, who gave a verdict for the plaintiff. No instructions were asked for or given.

It is complained that the court erred in admitting incompetent and irrelevant testimony for the plaintiff.

In every instance to which this complaint applies, the bill of exceptions states that, "to this testimony the defendant objected, as irrelevant and incompetent," with nothing more. The rulings of the court do not appear, and no exceptions are saved. There is here nothing properly brought to the attention of an appellate court, and the objections can not be further considered.

Error is assigned on the ground that the verdict was unsupported by the evidence. Witnesses testified to the defendant's admissions that the plaintiff's intestate owned all the property, and that she herself owned nothing. The defendant, in her testimony, admitted her possession of the vinegar, and that she refused access to it in her cellar by the plaintiff administratrix, for the purpose of selling it at the administration sale. But as to the horse and wagon, there seems to be a total failure of evidence to show any conversion by the defendant. The nearest approach to such a showing appears in the defendant's admission that she kept the horse in her son's stable after the death of her husband, and that the son used it occasionally, with her consent. It does not anywhere appear that she had possession of the wagon, though she averred that it was her property, and that she had not given it to her son, as had been stated by another witness. We think that, as to these two articles, the defendant's objection is well taken. There was testimony to the effect that the vinegar was worth thirty dollars, and the verdict for the plaintiff was for seventy-five dollars.

If the plaintiff will, within ten days from the delivery of this opinion, remit the sum of forty-five dollars, being the excess of her recovery above the value of the vinegar, the judgment will be affirmed. Otherwise, the judgment of the circuit court will be reversed, and the cause remanded. All the judges concur.